# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ELIZABETH MAYER,

        Plaintiff,

v.                                                                                              Case No. 8:23-cv-1079-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

        Defendant.

## **OPINION AND ORDER**[1]

### I.  Status

Elizabeth Mayer ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of spina bifida, back problems, bronchitis, asthma, insulin-dependent diabetes, skin and autoimmune disorders, a "flesh eating disease from [an] abscess and boil condition," cardiomyopathy, congestive heart failure, irritable bowel syndrome, and hearing loss in left ear. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed July 14,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed July 14, 2023; Reference Order (Doc. No. 17), entered July 24, 2023.

2023, at 103-04, 121, 257.[2] Plaintiff protectively filed an application for SSI on November 14, 2017, alleging a disability onset date of June 1, 2017.[3] Tr. at 235-40. The application was denied initially, Tr. at 103-17, 118, 119, 146-48, and upon reconsideration, Tr. at 120-39, 140, 141, 152-57.

On November 6, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 39-75. On December 16, 2019, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 15-31.[4]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 227-29 (request for review). On August 28, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.

---

[2] Some of the documents in the administrative transcript are duplicated. Citations are to the first time a document appears.

[3] Although actually filed on January 24, 2018, see Tr. at 235, the protective filing date of the application is listed elsewhere in the administrative transcript as November 14, 2017, see Tr. at 103, 121.

[4] The administrative transcript also contains an ALJ decision dated January 16, 2014 that adjudicated earlier-filed claims for SSI and disability insurance benefits (DIB). Tr. at 79-93; see also Tr. at 99-101 (Appeals Council denial of review). That decision is not at issue in this appeal.

Plaintiff appealed the Commissioner's final decision to this Court. See Complaint (Doc. No. 1), filed October 13, 2020, Case No. 8:20-cv-2397-SPF. On March 9, 2022, the Court entered an Order granting Defendant's unopposed motion to reverse and remand the matter and directing that the matter be reversed and remanded for further proceedings to include evaluation of the medical opinion evidence and prior administrative findings, consideration of Plaintiff's residual functional capacity ("RFC"), and provision of an opportunity for a new hearing. Tr. at 2625-26; see Tr. at 2627 (Judgment).

On remand, the Appeals Council on June 27, 2022 entered an Order remanding the matter to an ALJ. Tr. at 2631-32. The ALJ held a hearing[5] on February 1, 2023, taking testimony from Plaintiff (who was represented by counsel) and a VE. Tr. at 2572-92. On February 17, 2023, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. Tr. at 2542-63. The Appeals Council declined to assume jurisdiction, making the ALJ's Decision the final decision of the Commissioner. On May 15, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[5] This hearing was held via telephone with Plaintiff's consent. Tr. at 2574, 2635-50, 2707-08.

On appeal, Plaintiff argues the ALJ erred in 1) assessing Plaintiff's RFC, including failing to account for absences and failing to consider the combination of her impairments; 2) failing to consider whether Plaintiff was disabled for any twelve-month period; and 3) failing to consider medical opinions of record regarding Plaintiff's hearing. Memorandum in Opposition to the Commissioner's Decision (Doc. No. 29; "Pl.'s Mem."), filed December 11, 2023, at 3-4, 18, 20, 24, 27.[6] On March 25, 2024, Defendant responded to Plaintiff's arguments by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 38; "Def.'s Mem.").

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of whether Plaintiff was or has been disabled for any consecutive twelve-month period. On remand, reevaluation of the evidence on this issue may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d

---

[6] Plaintiff frames five issues instead of three. See Pl.'s Mem. at 3-4. Three of them relate to the ALJ's RFC finding, so the undersigned has combined them all into one issue.

882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled, an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 2544-63. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 14, 2017, the application date." Tr. at 2544 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: skin ulcers, obesity, hearing loss, tinnitus, hypertension, diabetes, necrotizing fasciitis, asthma, bronchitis, spina bifida,

hypercholesterolemia, polycystic ovarian disorder, colitis, cardiomyopathy, depression, bipolar disorder, anxiety, and obsessive-compulsive disorder (OCD)." Tr. at 2544 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 2545 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform sedentary work as defined in 20 CFR [§] 416.967(a) except that [Plaintiff] can lift up to 10 pounds; can stand and/or walk for two hours in an eight-hour workday; can sit for six hours in an eight-hour workday; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can frequently reach, handle, finger, and feel; must avoid loud noise, vibration, temperature extremes, pulmonary irritants, hazardous machinery, and heights; can understand, remember, and carry out only routine and repetitive instructions and tasks; can manage or deal with occasional changes in routine work settings or duties; cannot perform work requiring a specific production rate or pace, such as assembly lines; can have occasional interaction with coworkers, supervisors, and the public; and can maintain attention and concentration for two hours at a time, but does require the standard morning, lunch, and afternoon breaks.

Tr. at 2547 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 2561 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("30 years old . . . on the date the application was filed"), education ("at least a high school education"),

lack of relevant work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 2561 (emphasis and citation omitted), such as "Table Worker," "Addresser," and "Stuffer," Tr. at 2562 (citations omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since November 14, 2017, the date the application was filed." Tr. at 2563 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to

reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

"Disability," as defined in the Social Security Act and relevant here, is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). "A claimant may request benefits for a 'closed period' of disability, even if he is later able to work."[7] Rodriguez v. Comm'r, 737 F. App'x 514, 516 (11th Cir. 2018) (quoting Pickett v. Bowen, 833 F.2d 288, 289 n.1 (11th Cir. 1987)). "In such cases, if the decision maker determines that an applicant was disabled for a finite period that started and stopped prior to the date of the decision, the claimant is entitled to a lump sum."

---

[7] Here, Defendant does not contend that Plaintiff was ineligible for a "closed period" consideration. See Def.'s Mem. at 17-19. Rather, Defendant argues the ALJ was right to find Plaintiff was not disabled for twelve consecutive months. See id.

Id. (citing Pickett, 833 F.2d at 289 n.1). If an ALJ in that situation fails to explicitly consider whether a claimant is or was disabled for any continuous twelve-month period, reversal with remand is appropriate. See id. at 515-17 (reversing and remanding when an ALJ did not explicitly consider evidence pre-dating a corrective eye surgery).

The undersigned agrees with Plaintiff that the ALJ erred by failing to consider whether she was disabled for any consecutive twelve-month period. Most notably, from Plaintiff's SSI filing date of November 14, 2017 through September 2019,[8] the hospitalizations, emergency room (ER) visits, and procedures for abscesses and lesions from the pyoderma gangrenosum condition alone are numerous. See Tr. at 691-96 (January 22, 2018 ER visit), 678-88 (return to ER two days later, January 24, 2018, with worsening pain and need for admission to hospital), 701-13 (admission to St. Petersburg General Hospital from January 24, 2018 to February 1, 2018 for wound care and excision with plan to discharge to an extended care facility), 714-27, 736-38 (return to St. Petersburg General Hospital ER on February 6, 2018 because extended care facility was unable to care for her), 739-804 (admission to Gracewood Rehabilitation from February 6, 2018 through February 28, 2018), 861-67

---

[8] This is when Plaintiff argues the ALJ should have seriously considered ending a closed period if ultimately determining Plaintiff was not disabled thereafter. Pl.'s Mem. at 7-12, 18-19.

(March 2, 2018 return to ER due to foul odor coming from home wound dressing change), 851-60 (March 14, 2018 return to ER and admission to hospital because wound was not properly healing), 820-25 (hospital records showing GBS, e. coli, and corynebacterium culture and discharge to home health care on March 18, 2018), 893-94 (April 30, 2018 debridement procedure in office by Ernest Rehnke, M.D.), 1166-1200 (admission to AdventHealth North Pinellas from June 1, 2019 to June 5, 2019 for nonhealing wounds), 1939-45 (admission to AdventHealth North Pinellas from September 16, 2019 to September 17, 2019 for breast abscess), 2054-66 (admission to AdventHealth North Pinellas from September 18, 2019 to September 20, 2019 for continued abscess and cellulitis).

The ALJ did discuss some of these records, but not all of them. See Tr. at 2549-55. The ALJ also discussed that Plaintiff was regularly followed by physicians for the wound care. See Tr. at 2549-55. However, the ALJ failed to address at all whether severity of the pyoderma gangrenosum and its complications, particularly from the SSI protective filing date through November 2019, warranted a closed period of disability. Moreover, when summarizing Plaintiff's physical impairments toward the end of the Decision and explaining the RFC, the ALJ did not even mention this condition or the many lesions and abscesses that resulted. See Tr. at 2555. Perhaps this is because the condition was better controlled after November 2019 (as Plaintiff

recognizes, see Pl.'s Mem. at 13). But again, before then, the record demonstrates significant treatment modalities and hospitalizations due to uncontrolled and nonhealing wounds.

Defendant argues that the number of absences due to appointments and hospitalizations is not an appropriate consideration in determining an individual's RFC. See Def.'s Mem. at 18-19 (citing, e.g., Blackmon v. Comm'r of Soc. Sec., No. 6:22-cv-1283-RBD-DCI, 2023 WL 5310929, at *2-4 (M.D. Fla. May 25, 2023)). The opinion from this Court upon which Defendant relies was appealed to the United States Court of Appeals for the Eleventh Circuit and affirmed (after the filing of Defendant's Memorandum). See Blackmon, 2024 WL 3495022, at *7 (11th Cir. 2024) (unpublished). Interestingly, though, the Eleventh Circuit in affirming on the absenteeism issue performed a calculation of how often the claimant actually had medical events—"an average of just over 1 time per 30 days"—and found it was "hardly having multiple medical events in a month on a 'regular and ongoing basis.'" Id. "Moreover," found the Court, "nothing in the record shows that [the claimant] could not schedule future appointments outside of work hours, schedule more than one appointment per day, or schedule appointments on her off days, which would minimize the need to miss work." Id. In other words, the Eleventh Circuit in Blackmon did not reject the notion that absenteeism from hospitalizations can be factored into an RFC; the Court merely found on the facts before it that the ALJ did not err

- 11 -

given the actual number of days the claimant was absent and the lack of record evidence on whether future absences could be avoided.

Here, however, the number of days of hospitalizations alone account for more than double the number of total absences (including doctor's appointments) during the relevant period in Blackmon. See id. As well, absenteeism from hospitalizations is only one piece of the puzzle. The hospital records themselves demonstrate, among other things, the severity of the wounds and lesions, efforts to care for them that largely were unsuccessful for periods of time, medications prescribed, and various objective findings.

Judicial review is frustrated because the Court is unable to determine from the ALJ's discussion of the evidence if adequate consideration was given to whether Plaintiff was disabled for any continuous twelve-month period, particularly in light of the evidence discussed herein, and whether the ALJ adequately considered the effects of Plaintiff's pyoderma gangrenosum. The matter must be reversed and remanded for reconsideration.

## V.   Conclusion

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this

matter with the following instructions:

(A) Reconsider whether Plaintiff was disabled for any continuous 12-month period, giving particular consideration to the effects of Plaintiff's pyoderma gangrenosum;

(B) If appropriate, address Plaintiff's other arguments in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 26, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record